IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **JORDAN CARL and RACHEL CARL,** individually and on behalf of their minor child, CALVIN CARL | **PLAINTIFFS** |
| **v.** | **CAUSE NO. 1:22-cv-191-LG-BWR** |
| **AMAZON.COM, INC., and SHANDONG NASEN ELECTRIC CO., LTD. d/b/a GARDGUARD** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SERVICE BY ALTERNATE MEANS

**BEFORE THE COURT** is the [19] Motion to Dismiss filed by Defendant, Shandong Nasen Electric Co., Ltd. d/b/a Gardguard ("Gardguard"), as well as the [27] Motion for Service by Alternate Means filed by Plaintiffs Jordan Carl and Rachel Carl. These issues have been fully briefed by the parties. After due consideration, the Court finds that the [19] Motion to Dismiss should be denied at this time and that Plaintiffs should be afforded one hundred (100) days to effect service pursuant to the Hague Convention. The Court denies Plaintiffs' [27] Motion for Service by Alternate Means.

### BACKGROUND

In this products liability case, Plaintiffs Jordan Carl and Rachel Carl ("the Carls") purchased an expandable water hose manufactured by Gardguard through online marketplace Amazon.com. (Compl. ¶¶ 7-17). The Complaint alleges that in May 2021, after the hose was delivered, Plaintiffs' minor child Calvin Carl and his

siblings were playing "with and/or near" the hose.  (*Id.* ¶ 19).  The events which ensued form the basis of this lawsuit:

> At some point, the water running through the hose was turned off. Unaware of the dangers associated with handling an expandable water hose without water inside it, the children released it—at which point, the hose suddenly, and without warning, snapped back and retracted in an uncontrollable fashion and at a high rate of speed.  The solid fitting on the end of the hose hit Calvin in his head, fracturing his skull, and causing him to be air-lifted to an out-of-state children's hospital for an emergency craniectomy and, eventually, a craniotomy for which additional surgeries and medical treatment have been and will continue to be necessary.

(*Id.*).  Plaintiffs allege that the hose contained no child safety warnings or any other warnings of personal injury risks, and that both Amazon and Gardguard failed to warn Plaintiffs of the danger.  (*Id.* ¶¶ 20-22).  Plaintiffs filed this action on March 16, 2022, in the Circuit Court of Harrison County, Mississippi, naming Gardguard and Amazon.com, Inc. as Defendants.  Plaintiffs seek to hold Amazon liable for two counts of negligence, negligent failure to warn, and inadequate warnings, and Gardguard for inadequate warnings and defective design, alleging extensive damages.  (*Id.* ¶¶ 26-66).

On April 6, 2022, Plaintiffs had the Complaint translated into Simplified Chinese and attempted service by mail on two purported addresses of Shandong pursuant to Rule 4(c)(5) of the Mississippi Rules of Civil Procedure for foreign defendants.  (Pls.' Mem. L. Supp. Mot. ¶ 2, ECF No. 28).  Service at the first address was apparently "refused" and the second address resulted in non-delivery as an "incorrect address."  (*Id.* ¶ 3).

On May 11, 2022, Plaintiffs filed an *Ex Parte* Motion for Service by Alternate

Means, which the state court granted on June 23, 2022.  (*See* Order, ECF No. 1-2). The state court allowed Plaintiffs to serve Defendant Shandong (Gardguard) "via email to na888sen666@outlook.com and via Amazon's messaging system through GardGuard (i.e., Shandong's online storefront)," and found that this method of service was reasonably calculated to reach Defendant and that it comported with due process.  (*Id.* at 1-2).  The court stated that "such means hav[e] been permitted by a multitude of courts across this country to perfect service on evasive defendants in foreign countries like China."  (*Id.*).  Plaintiffs then filed proofs of service on June 24 and 28, 2022, representing that Defendants had been served through these channels.  (*See* Proofs of Service, ECF No. 1-3).

Defendants removed the case to federal court on July 22, 2022, citing the Court's diversity jurisdiction.  (*See* Not. Removal, ECF No. 1).  On August 12, 2022, Defendant Shandong Nasen Electric Co. d/b/a Gardguard filed the instant [19] Motion to Dismiss, claiming that service or process was ineffective, and that personal jurisdiction is therefore lacking in this matter.  Plaintiffs [22] responded to the Motion, to which Defendants [24] replied.  Plaintiffs then separately filed a [27] Motion for Service by Alternate Means, to which Defendant [31] responded and Plaintiffs [33] replied.  The issues are now fully briefed and ripe for disposition by the Court.

DISCUSSION

## I.      Rule 12(b)(5) Motion Standard

Defendant has moved to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.  "'A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process.'" *Echoles v. Tsang*, No. 1:19CV433-KS-RHW, 2020 WL 557522 (S.D. Miss. Feb. 4, 2020) (citing *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007)).  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

## II.     Defendants' Motion to Dismiss for Insufficiency of Service

Defendant argues that the state court's order allowing service by unconventional means violated the Mississippi Rules of Civil Procedure, and therefore it is not subject to personal jurisdiction.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (citing *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).  Hence, if service was improperly made, the Court lacks personal jurisdiction over Defendant.

Here, service was attempted before the case was removed to federal court.  In such cases, "[a] federal district court looks 'to state law to ascertain whether service was properly made prior to removal.'" *Vaughn v. Frame*, 210 F.3d 366, 2000 WL

290114, at *1 (5th Cir. 2000) (quoting *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)).  Hence, "service of process having preceded removal, we evaluate service of process under the Mississippi Rules of Civil Procedure." *Chisolm ex rel. Heirs & Estate of Chisolm v. Ergon Refining, Inc.*, No. 5:10CV148-DCB-JMR, 2011 WL 2471023, at *2 (S.D. Miss. June 20, 2011). Defendant argues that the Mississippi procedural rules do not allow courts to fashion alternative methods of service, as the state court ordered pre-removal. (Def.'s Mem. Supp. Mot. Dismiss, at 4, ECF No. 20).

Mississippi Rule of Civil Procedure 4 contemplates five alternative methods of service, among which service by email and Amazon messenger are not listed. Miss. R. Civ. P. 4(c).  The state court authorized this method of service with citation to its powers under Mississippi Rule of Civil Procedure 81(g), which allows the court to "proceed in any lawful manner not inconsistent with the Constitution of the State of Mississippi, these rules, or any applicable statute."  Miss. R. Civ. P. 81(g); (Order, ECF No. 1-2).  Defendant assails this court order as without basis in Rule 81.  That rule, Defendant argues, is only applicable where "no statute, rule, or case law squarely addresses the procedures" at issue.  *See Safeco Ins. Co. of Am. v. State ex rel. Hood*, --- So. 3d ---, 2019 WL 3955084, at *4 n. 8 (Miss. 2019) (applying Rule 81(g) where no authority addressed the ability of a senior judge to transfer a case to another judge for purposes of consolidation and judicial economy).

Hence, because the Mississippi Rules of Civil Procedure "squarely address" service in circumscribing five alternate methods, Defendant reasons that Rule 81(g)

does not sanction the state court's creation of a new method of service.  (Def.'s Mem.
Supp. Mot. Dismiss, at 5, ECF No. 20).  Defendant invokes *Tanfield Eng'g Sys., Inc.
v. Thornton*, 97 So. 3d 694 (Miss. 2012), as an example case in which Rule 4 was
used to serve an English defendant.  Rule 81(g), Defendant argues, has never been
used to replace these methods of service.  (Def.'s Rebuttal Supp. Mot. Dismiss, at 4,
ECF No. 24).  Plaintiffs, conversely, argue that Rule 4 does not specifically dictate a
procedure for effecting service on evasive foreign defendants, and therefore an
alternative method of service was necessary.  (Pl.'s Mem. Opp. Def.'s Mot. Dismiss,
at 2-3, ECF No. 23) (quoting Order, ECF No. 1-2).  Plaintiffs also argue that the
state courts maintain constitutional and inherent judicial powers to "make rules of
practice and procedure, not inconsistent with the Constitution, for the efficient
disposition of judicial business."  *See, e.g., S. Pac. Lumber Co. v. Reynolds*, 206 So.
2d 334, 335 (Miss. 1968) (upholding power of circuit court to promulgate rules
pertaining to appeals from the county court).  Plaintiffs argue that these powers
extend to the state court's ability "to control the means by which justice is to be
carried out and administered," including, Plaintiffs maintain, devising new methods
of service adapted to evasive defendants.  (Pl.'s Mem. Opp. Def.'s Mot. Dismiss, at 5-
6, ECF No. 23).

It appears to the Court that Plaintiffs have not produced any case law or
other authority demonstrating specifically that Mississippi Rule of Civil Procedure
81(g), or the state court's inherent and constitutional judicial powers to manage its
affairs and control its docket, may be employed to craft methods of service different

from those provided in Rule 4.  Indeed, Rule 81 only applies where no other authority, such as Rule 4, governs.  *Accord Richmond v. Lamb*, 390 So. 2d 1003, 1005 (Miss. 1980) (holding, in an action to determine inheritance of a decedent's estate, that because "the legislature did not prescribe a method for serving a certified copy of a final decree on nonresident, absent, or unknown defendants" in the relevant statute, that "a chancellor may order service of such decree in any manner which affords a defendant due process").  And "Mississippi's 'rules regarding service of process are to be strictly construed.'"  *Ekunwe v. BASF Catalysts LLC*, No. 3:11CV432-CWR-LRA, 2013 WL 4009200, at *2 (S.D. Miss. Aug. 5, 2013) (quoting *Tucker v. Williams*, 7 So. 3d 961, 965 (Miss. Ct. App. 2009)).  Consequently, because the Rules do not clearly admit alternative methods of service beyond those in Rule 4, it is not clear the state court was empowered to authorize service on Defendant by email and Amazon messenger under the Mississippi Rules of Civil Procedure.

"The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."  *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).  Thus, any defect in the pre-removal service can be remedied by ordering service to be made while the case is pending in district court.  *Freight Terminals, Inc.*, 461 F.2d at 1052 ("Although the district court must look to state law to ascertain whether service was properly made prior to removal, this does not foreclose service being effected in the district court."); *see also City of Clarksdale v. BellSouth Telecomm.*,

*Inc.*, 428 F.3d 206, 214 n. 15 (5th Cir. 2005) (citing 28 U.S.C. § 1448).  Hence, to

accord Plaintiffs a fair opportunity to be heard, and to ensure that due process is

satisfied, the Court will order that service be effected on Defendant in the manner

below described.

## III.   Plaintiffs' Motion for Service by Alternate Means

The Court will now determine how service should be executed.  Plaintiffs

move the Court to authorize service by email or Amazon messenger in the event

that their pre-removal service is deemed ineffective.  The Federal Rules of Civil

Procedure determine the propriety of post-removal service.  *See Robinson v. Roxy*

*Invs., LP*, 249 F.3.D. 485, 487 (S.D. Miss. 2008) (citing Fed. R. Civ. P. 81).  To that

end, Rule 4(f) provides:

> Unless federal law provides otherwise, an individual--other than a
> minor, an incompetent person, or a person whose waiver has been
> filed--may be served at a place not within any judicial district of the
> United States:

> (1) by any internationally agreed means of service that is reasonably
> calculated to give notice, such as those authorized by the Hague
> Convention on the Service Abroad of Judicial and Extrajudicial
> Documents; . . .

> (3) by other means not prohibited by international agreement, as the
> court orders.

Fed. R. Civ. P. 4(f).

"Pursuant to Rule 4, an individual may be served in a foreign country by any

internationally agreed means of service that is reasonably calculated to give notice,

such as those authorized by the Hague Convention." *Viahart, L.L.C.*, 2022 WL

445161, at *3 (citing Fed. R. Civ. P. 4(f)(1)).  "Rule 4(f) also permits service 'by other

means not prohibited by international agreement, as the court orders.'" *Id.* (quoting Fed. R. Civ. P. 4(f)(3)). "Service pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means." *Id.* (citing *Nagravision SA v. Gotech Int'l Tech Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)).

"The United States and China are both signatories to the Hague Convention, a multilateral treaty intended 'to simplify, standardize, and generally improve the process of serving documents abroad.'" *Capturion Network, LLC v. Liantronics, LLC*, No. 2:19CV13-KS-MTP, 2021 WL 1083180, at * 2 (S.D. Miss. Mar. 18, 2021). The Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," but it does not apply "where the address of the person to be served with the document is not known." Hague Convention, Art. 1, 20 U.S.T. 361 (1969).

It is true that "the Court, pursuant to Rule 4(f)(3), may allow Plaintiff to use alternative service which comports with constitutional notions of due process" even where the defendant's "address is known, and the Hague Convention applies." *Capturion Network, LLC*, 2021 WL 1083180, at *2. But the Court finds it persuasive that, in much of the relevant case law, alternative methods of service were authorized only after service was attempted under the Hague Convention. *See, e.g., id.* at *1 (noting that the plaintiffs' process server attempted "to perfect service in accordance with the Hague Convention," which was unsuccessful); *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co., Ltd.*, 494

F.Supp.3d 404, at 415 (N.D. Tex. Oct. 14, 2020) ("In several cases, the court allowed email service only after the plaintiff attempted to serve process via the Hague Convention.") (collecting cases); *id.* at 413 (noting that, in *Nagravision*, 882 F.3d 494, the docket revealed that plaintiff originally attempted to serve defendant via the Hague Convention). In other cases, alternative means of service were permitted after the defendant's address could not be conclusively located. *See, e.g., Viahart, L.L.C.*, 2022 WL 445161, at *3 (recounting plaintiff's efforts "to conduct discovery to determine the identities and addresses of the defendants through the online marketplaces," which proved mostly futile, and affirming district court's order to serve Chinese defendants by email). Further, under Rule 4(f)(3), such alternative methods of service must not be prohibited by international agreement. *Capturion*, 2021 WL 1083180 at *3.

Here, Plaintiffs argue that the Hague Convention is inapplicable because Defendant's address is unknown. Their attempts to locate Defendant Gardguard's address were documented in their Motion for Service by Alternate Means filed with the state court. (*See generally Ex Parte* Mot. Service by Alternate Means, ECF No. 23-1). Plaintiffs endeavored to serve process by mail at an address listed on Defendant's Amazon storefront (and public records) and at another address listed by the United States Patent and Trademark Office (USPTO). (*Id.* ¶¶ 2-3). Plaintiffs' service by mail was either "refused" or unable to be delivered at these addresses. (*Id.* ¶ 6). The Court is wary of these difficulties but finds that Plaintiffs should first attempt service under the Hague Convention before it can credit them

entirely.  "Under Article 10 of the Hague Convention, parties may effect service through means other than a receiving country's central authority, such as the use of postal service, as long as the receiving country has not objected to the specific alternative means of service."  *Capturion*, 2021 WL 1083180, at *3.  "China is one of many signatories to the Hague Convention that has expressly objected to the service provisions in Article 10, including service through postal mail."  *Prem Sales, LLC*, 494 F. Supp. 3d at 413.  Further, another district court in the Fifth Circuit has found, in a thoughtful opinion, that email is not a permitted channel of service under the Hague Convention.  *Id.* at 416-18 ("This Court therefore determines that email service is not permitted under the Convention because it is inconsistent with and not authorized by the Convention's delineated methods.").  The Court concludes that Plaintiffs' attempts at service through postal mail and email were not made pursuant to the Hague Convention.

Because Plaintiffs' attempts at service have heretofore failed to comply with the Hague Convention, the Court finds it prudent and appropriate to order Plaintiffs to attempt service under the Hague Convention before considering or authorizing an alternative method of service.  Therefore, Plaintiffs will be afforded another one hundred (100) days to effect service in accordance with the Hague Convention.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [19] Motion to Dismiss filed by Defendant, Shandong Nasen Electric Co., Ltd. d/b/a Gardguard, is **DENIED AT THIS TIME**.  Plaintiffs have one hundred (100) days from the date of

this Memorandum Opinion and Order to properly effectuate service under the Federal Rules of Civil Procedure and the Hague Convention.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [27] Motion for Service by Alternate Means filed by Plaintiffs, Jordan Carl and Rachel Carl, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 14th day of February, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE