IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JORDAN CARL and RACHEL CARL, individually and on behalf of their minor child, CALVIN CARL | PLAINTIFFS |
| v. | CAUSE NO. 1:22-cv-191-LG-BWR |
| AMAZON.COM, INC., and SHANDONG NASEN ELECTRIC CO., LTD. d/b/a GARDGUARD | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE

**BEFORE THE COURT** is the [35] Second Motion for Service by Alternate Means or Alternatively for Additional Time to Effect Service filed by Plaintiffs Jordan Carl and Rachel Carl. These issues have been fully briefed by the parties. After due consideration, the Court finds that Plaintiffs' [35] Motion should be granted to the extent that they are afforded an additional two hundred (200) days to effect service upon Defendant Shandong in accordance with the Hague Convention. The Motion is denied in all other respects.

### BACKGROUND

In this products liability case, Plaintiffs Jordan Carl and Rachel Carl ("the Carls") purchased an expandable water hose manufactured by Gardguard through online marketplace Amazon.com. (Compl. ¶¶ 7-17). The Complaint alleges that in May 2021, after the hose was delivered, Plaintiffs' minor child Calvin Carl and his siblings were playing "with and/or near" the hose. (*Id.* ¶ 19). The events which ensued form the basis of this lawsuit:

> At some point, the water running through the hose was turned off. Unaware of the dangers associated with handling an expandable water hose without water inside it, the children released it—at which point, the hose suddenly, and without warning, snapped back and retracted in an uncontrollable fashion and at a high rate of speed. The solid fitting on the end of the hose hit Calvin in his head, fracturing his skull, and causing him to be air-lifted to an out-of-state children's hospital for an emergency craniectomy and, eventually, a craniotomy for which additional surgeries and medical treatment have been and will continue to be necessary.

(*Id.*). Plaintiffs allege that the hose contained no child safety warnings or any other warnings of personal injury risks, and that both Amazon and Gardguard failed to warn Plaintiffs of the danger. (*Id.* ¶¶ 20-22). Plaintiffs filed this action on March 16, 2022 in the Circuit Court of Harrison County, Mississippi, naming Gardguard and Amazon.com, Inc. as Defendants. Plaintiffs seek to hold Amazon liable for two counts of negligence, negligent failure to warn, and inadequate warnings, and Gardguard for inadequate warnings and defective design, alleging extensive damages. (*Id.* ¶¶ 26-66).

Plaintiffs' numerous unsuccessful attempts to serve the Complaint on Defendant Shandong were documented in the Court's previous [34] Order on this subject. While in state court, Plaintiffs obtained an order allowing service on Defendant by alternative channels—via email and Amazon messenger. Defendants removed the case to this Court and argued that these alternative means violated the Mississippi Rules of Civil Procedure. The Court agreed and thereby found that Defendant had not yet been legitimately served with the Complaint. (*See generally* Order, ECF No. 34). Hence, the Court granted Plaintiff one hundred (100) days to serve Defendant under the Federal Rules of Civil Procedure and the Hague

Convention. (*Id.*).

## DISCUSSION

Plaintiffs again [35] move the Court for an order authorizing service by email or Amazon messenger, or alternatively on Shandong's United States-based counsel. The Federal Rules of Civil Procedure determine the propriety of service after removal. *See Robinson v. Roxy Invs., LP*, 249 F.3.D. 485, 487 (S.D. Miss. 2008) (citing Fed. R. Civ. P. 81). To that end, Rule 4(f) provides:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; . . .
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

"Pursuant to Rule 4, an individual may be served in a foreign country by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing Fed. R. Civ. P. 4(f)(1)). "Rule 4(f) also permits service 'by other means not prohibited by international agreement, as the court orders.'" *Id.* (quoting Fed. R. Civ. P. 4(f)(3)); *see also Capturion Network, LLC v. Liantronics, LLC*, No. 2:19CV13-KS-MTP, 2021 WL 1083180, at *3 (S.D. Miss. Mar. 18, 2021). "Service pursuant to the Hague

Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means." *Id.* (citing *Nagravision SA v. Gotech Int'l Tech Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)). With respect to Rule 4(f)(1), "[t]he United States and China are both signatories to the Hague Convention, a multilateral treaty intended 'to simplify, standardize, and generally improve the process of serving documents abroad.'" *Capturion Network, LLC*, 2021 WL 1083180, at * 2. The Convention applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," but it does not apply "where the address of the person to be served with the document is not known." Hague Convention, Art. 1, 20 U.S.T. 361 (1969).

As noted in the prior [34] Order, "the Court, pursuant to Rule 4(f)(3), may allow Plaintiff to use alternative service which comports with constitutional notions of due process" even where the defendant's "address is known and the Hague Convention applies." *Capturion Network, LLC*, 2021 WL 1083180, at *2. However, the Court found it persuasive that, in much of the relevant case law, alternative methods of service were authorized only after service was attempted under the Hague Convention. *See, e.g., id.* at *1; *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co., Ltd.*, 494 F.Supp.3d 404, at 413-15 (N.D. Tex. Oct. 14, 2020). In other cases, alternative means of service were permitted after the defendant's address could not be conclusively located. *See, e.g., Viahart, L.L.C.*, 2022 WL 445161, at *3. Because Plaintiffs' prior attempts at service through postal mail and email were found not viable under the Hague Convention, the Court

granted Plaintiffs 100 days to serve Defendant Shandong pursuant to the Convention. (*See* Order, at 11-12, ECF No. 34).

Now, in their second [35] Motion, Plaintiffs request leave to serve Defendant Shandong via an alternate method, viz. email, Amazon messenger, or service on Defendant Shandong's United States-based counsel. Plaintiffs report that, after entry of the [34] Order, they had the Complaint retranslated and hired a qualified process server. (Pls.' Mem. L. Supp. 2d Mot. ¶ 11, ECF No. 36). They allege that Defendant Shandong has already taken steps to evade the anticipated service. (*Id.* ¶¶ 12-13). They also allege that service will take "7-9 month[s] to effect service on Shandong pursuant to the Hague Convention." (*Id.* ¶¶ 14-15). Hence, Plaintiffs request these alternate methods of service and cite precedent to support their application. (*Id.* ¶ 15). In the alternative, Plaintiffs request an additional 7-9 months to effectuate service under the Hague Convention. (*Id.* ¶ 16). In response, Defendants claim that Plaintiffs' Motion improperly seeks reconsideration of issues decided in the Court's prior Order and insist that service under the Hague Convention is absolutely mandatory. (*See generally* Def.'s Mem. Opp. Pls.' 2d Mot., ECF No. 38).

First, the Court must correct Defendant to the extent that "*even if* [Defendant]'s address is known and the Hague Convention applies, the Court, pursuant to Rule 4(f)(3), may allow Plaintiff to use alternative service which comports with constitutional notions of due process." *See Capturion Network LLC*, 2021 WL 1083180, at *2 (emphasis added). As previously explained, the Fifth

Circuit has recently clarified that "[s]ervice pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means.'" *Viahart, L.L.C.*, 2022 WL 445161, at *3 (quoting *Nagravision SA*, 882 F.3d at 498) (cleaned up).  However, although the Federal Rules do thereby authorize alternative methods of service, the Court remains mindful of the authorities cited in its prior Order to the effect that, generally, courts have "'allowed email service only after the plaintiff attempted to serve process via the Hague Convention.'" *Capturion Network LLC*, 2021 WL 1083180, at *3 (quoting *Prem Sales, LLC*, 494 F. Supp. 3d at 415).  Hence, the Court will grant Plaintiffs another two hundred (200) days to effect service under the Hague Convention and the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [35] Second Motion for Service by Alternate Means or Alternatively for Additional Time to Effect Service filed by Plaintiffs, Jordan Carl and Rachel Carl, is **GRANTED IN PART** to the extent that they are afforded another two hundred (200) days from the date of this Memorandum Opinion and Order to effect service upon Defendant Shandong under the Federal Rules of Civil Procedure and the Hague Convention.

**SO ORDERED AND ADJUDGED** this the 31st day of May, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE